UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE GARRISON,<br><br>    Plaintiff,<br><br>    v.<br><br>BLACKSTONE INVESTMENT FIRM, et al.,<br><br>    Defendants. | Case No. 25-cv-06139-JSC<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, an inmate in Santa Clara County Jail who is proceeding without representation by an attorney, filed this civil complaint against the "Blackstone Investment Firm," President Donald Trump, United States District Judge James Donato,[1] and other unidentified defendants. (ECF No. 1.) He is granted leave to proceed in forma pauperis in a separate order. For the reasons explained below, the complaint is dismissed as frivolous.

## BACKGROUND

Plaintiff makes a wide variety of implausible and far-fetched allegations and claims. He claims "the fact that Donald Trump has ties to Blackstone Investment Firm C.E.O." is "evidence to show that likely the federal judge[]s" were "paid off;" Judge Donato should "be held not just [in] contempt of court but for the murder of 5 people on the Capitol;" Judge Donato "violated the attorney/client privilege clause due in part to 'no summons;'" Blackstone Investment Group was "in direct conspiracy with Donald Trump, Judge Donato" to violate the Saudi Royal Family's right to due process; Defendants, along with "every judge in all of" his federal cases,[2] were "in a

---

[1] Judge Donato was assigned to a number Plaintiff's prior cases.
[2] He lists file federal district and appellate court judges. (ECF No. 1 at 2.)

1   conspiracy to the murders of the 5 people murdered on the U.S.A. Capitol;" and "the Michael
2   Tyree murder falls on Judge Donato and all in Plaintiff's Complaint including Gov. Newsom."
3   (*Id.* at 1-3, 5).  He attaches a minute order from his criminal proceedings in Santa Clara Superior
4   listing the presiding judge and Deputy District Attorney who appeared for the state, and his
5   handwritten notes on the order appear to contend the order is "evidence" that "shows" the two of
6   them are involved in a "conspiracy for human traffic[k]ing" and Governor Newsom is "guilty of
7   fraud."  (*Id.* at 8.)

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).  Pleadings filed by unrepresented parties must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Section 1915(e)(2) provides that the court "shall" dismiss any case brought in forma pauperis "if the court determines" the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Section 1915(e)(2) is not limited to prisoners or to suits against governmental defendants.  *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

**LEGAL CLAIMS**

Plaintiff's complaint must be dismissed as frivolous.  A claim is frivolous if it is premised on an indisputably meritless legal theory or is clearly lacking any factual basis.  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Examples are claims describing fantastic or delusional scenarios "with which federal district judges are all too familiar."  *Id. at* 328.

Sections 1915A and 1915(e)(2) accord judges the unusual power to pierce the veil of the complaint's factual allegations and dismiss as frivolous those claims whose factual contentions are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  To pierce the veil of the

1  complaint's factual allegations means that a court is not bound, as it usually is when making a
2  determination based solely on the pleadings, to accept without question the truth of the plaintiff's
3  allegations. *Id*. But, this initial assessment of the plaintiff's factual allegations must be weighted
4  in favor of the plaintiff. *Id.* A frivolousness determination cannot serve as a factfinding process
5  for the resolution of disputed facts. *Id.* A finding of factual frivolousness is appropriate when the
6  facts alleged rise to the level of the irrational or the wholly incredible, whether there are judicially
7  noticeable facts available to contradict them. *Id.* at 32-33. The complaint may not be dismissed
8  simply because the court finds the plaintiff's allegations unlikely or improbable. *Id.* at 33.

Plaintiff's allegations that President Trump, Blackstone Investment Group, and several federal judges conspired to murder people at the United States Capitol and to violate the Saudi Royal Family's right to due process are wholly incredible and delusional. Consequently, under Sections 1915A and 1915(e)(2) the Court pierces the veil of Plaintiff's factual allegations and finds these claims frivolous. Additionally, Plaintiff's claims that the state court minute order shows a conspiracy between the trial judge and prosecutor to engage in human trafficking is frivolous as a matter of law because the order simply identifies the judge and prosecutor who handled his case. (*See* ECF No. 1 at 8.) Lastly, Plaintiff's claim that Judge Donato violated his attorney-client privilege by not issuing a summons is also frivolous because Judge Donato is immune from suit for his rulings in Plaintiff's cases. *See Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) (holding federal judges are immune from civil liability for acts performed in their judicial capacity).

## CONCLUSION

For the foregoing reasons, the case is DISMISSED without leave to amend as frivolous. The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: October 28, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

3